COMMONWEALTH *vs.* ROBERT RUSSELL. January 11, 1985. *Identification. Evidence,* Identification.

Russell appeals from his conviction, after a jury trial in the Superior Court, of unlawful distribution on April 15, 1982, of a Class B controlled substance, phencyclidine. The principal question argued is whether the arresting officer's identification of Russell at trial should have been suppressed based on what he contends was an unnecessarily suggestive use of

a photograph of him. The evidence would have permitted the following findings.

John Slepchuk was a Springfield police officer, assigned then to the narcotics division of the city's crime prevention bureau. His primary duties related to undercover narcotics investigations. He drove into Forest Park of that city about 4:45 P.M. on April 15, 1982, in his own automobile and parked that vehicle about eight feet behind a blue pickup truck. There he met Thomas Reardon, a codefendant of Russell, and tried to purchase cocaine from him, while the officer and Reardon were standing halfway between and two to three feet to the left of the two vehicles. ·

It appeared on voir dire that Officer Slepchuk recognized Reardon because of numerous prior observations of him in the park. Reardon had no cocaine but told Officer Slepchuk that he did have good "Mexican Beans" (phencyclidine) for four dollars for one "hit" (or capsule). The officer gave Reardon a five dollar bill. Reardon took the five dollar bill to a white male sitting on the driver's side of the blue truck's cab.

The officer heard Reardon instruct that man to give him "one hit" and saw (through the rear window of the truck cab) the man (whom the officer then believed he recognized as Russell) turn his head and body to the right and move downward toward the seat of the truck. The man then turned his body to the left and handed Reardon an item and some currency. It appeared on voir dire that the officer previously had observed Russell in the park and elsewhere and at a police station when Russell had been under arrest.

Reardon walked back to where Officer Slepchuk stood and gave him a phencyclidine capsule and one dollar of change. The officer then drove past the blue truck on the driver's side and "made a quick observation again of the white male on the driver's side," whom he described as having "dark brown curly hair, maybe a little longer" than the officer's, a moustache, and a beard.

Officer Slepchuk made a mental note of the blue truck's registration. When he returned to the police station, he followed the crime prevention bureau's usual procedure and ascertained that the blue truck was registered in Russell's name. He then went to the police record room to look at Russell's photograph, without taking out at the same time any photographs of other individuals. This photograph confirmed for the officer his belief that Russell was the driver-occupant of the blue truck. The officer conceded that previously he had not been "positive."

A voir dire in effect was initiated by the judge because there had been no earlier motion filed on the issue of identification. When this had been completed, the judge ruled, subject to Russell's objection, that in-court identification of Russell would be allowed. After the trial the judge denied a written motion to suppress the identification. The judge, in a careful memorandum then filed, made subsidiary findings of the facts essentially as already summarized and concluded that the Commonwealth had "proved by clear and convincing evidence that Slepchuk's identification in court had

a source independent of any suggestive procedure" and "that Slepchuk's identification[s] . . . at trial . . . [were] reliable."

The trial judge's subsidiary findings are certainly not clearly erroneous, and will be sustained. *Commonwealth* v. *Sires,* 370 Mass. 541, 544 n.1 (1976). *Commonwealth* v. *Hine,* 393 Mass. 564, 568 (1984). His conclusions reveal no persuasive ground for treating the identification of Russell as tainted by any unnecessarily suggestive procedure. See the discussion in *Stovall* v. *Denno,* 388 U.S. 293, 301-302 (1967). The officer was an experienced undercover police officer, obviously alert and using every opportunity he had to observe Russell at the time of the capsule purchase. See and compare *Commonwealth* v. *Worlds,* 9 Mass. App. Ct. 162, 166-172 (1980). This was not an instance of only a fleeting, unexpected sight of a suspect not known to the officer. Officer Slepchuk had a fair chance to look at Russell (whom he previously had seen) in daylight on an April afternoon about 4:30 P.M. He took prompt steps to confirm his initial identification (against any residual doubts) by examination of the police file and picture of Russell.

The present case is distinguishable from situations where lay observers (or even police witnesses) of a sudden crime (a) may be asked to identify, from photographs or otherwise, suspected participants, and (b) may be subjected to suggestive police procedures. Here all the circumstances tended to confirm the officer's initial tentative identification (during a crime which he had watched carefully throughout). It was reasonable (if not necessary) for the officer to verify his identification procedure. There is no cause for suspecting the reliability of the identification, see *Manson* v. *Brathwaite,* 432 U.S. 98, 114-117 (1977, involving a somewhat comparable identification by use of a single photograph by an undercover agent) and *Commonwealth* v. *Venios,* 378 Mass. 24, 27-30 (1979), or for disapproving the common-sense course pursued by the officer in checking his observations of a suspected drug violator.

We reject the ingenious invitation of defense counsel to apply decisions like *Commonwealth* v. *Moon,* 380 Mass. 751, 756-759 (1980), to this situation involving a careful police investigation. Such decisions are designed (see 380 Mass. at 758) to prevent "special elements of unfairness" from affecting identification (usually by nonpolice witnesses) of criminal suspects in circumstances, not here present, where use of an array of photographs reasonably may be more appropriate. Officer Slepchuk would have been remiss in his duty if he had failed promptly to check the accuracy of his first impressions before causing charges against Russell to be initiated.

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.