COMMONWEALTH *vs.* CORY SYLVIA.

No. 01-P-1690.

Hampden. December 5, 2002. - January 10, 2003.

Present: GELINAS, MASON, & MILLS, JJ.

*Identification. Due Process of Law,* Identification.

At a hearing on a motion to suppress a pretrial photographic identification made of the defendant by the undercover police officer who had made the cocaine purchase leading to the defendant's convictions, the judge properly concluded that the defendant failed to satisfy his burden of demonstrating that the showing of the defendant's booking photograph to the police officer was so unnecessarily suggestive as to violate due process, where there was good reason to show the officer, shortly after the purchase had been made, one photograph rather than take the additional time necessary to assemble a full array, and where there was no evidence of any special elements of unfairness in the use of the defendant's photograph. [68-70]

At a hearing on a motion to suppress an in-court identification of the defendant by the undercover police officer who made the cocaine purchase that led to the defendant's convictions, the Commonwealth satisfied its burden of showing by clear and convincing evidence that the officer's identification by the defendant had an independent source. [70]

INDICTMENTS found and returned in the Superior Court Department on June 1, 1999.

A pretrial motion to suppress evidence was heard by *Daniel A. Ford,* J., and the cases were tried before *Tina S. Page,* J.

*Warren M. Yanoff* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

MASON, J. Following a jury trial in Superior Court, the defendant was convicted of distributing cocaine and of violating a controlled substance law within one hundred feet of a public park. On appeal, the defendant claims that the judge erred in failing to suppress both a pretrial photographic identification made of him by the undercover police officer who had made the

cocaine purchase that led to his convictions, and also an in-court identification of him by the officer. We affirm the convictions.

*Background.* The judge did not make extensive findings of fact in ruling on the defendant's motion to suppress, which raised principally issues of law. We recite the undisputed facts elicited at the suppression hearing.

On the evening of May 5, 1999, Springfield police officer Marcus Lawrence was assigned to work in an undercover capacity to make purchases of illegal narcotics. At approximately 7:30 P.M., he drove to Hennessey Park where he observed two black males sitting on a bench in the middle of the park. At that time, the sun was "[i]n the process of" setting, but was bright enough so that the street lights were not yet activated.

Officer Lawrence walked up to the men and asked, "What's up," and if they "had anything." The man seated on the right side of the bench asked Officer Lawrence what he wanted, and Officer Lawrence responded that he wanted a "twenty." The man then spit several rocks of cocaine into his hand and, after selecting one of the pieces, stated, "This is a nice one." Officer Lawrence agreed and gave the man twenty dollars in exchange for the item. Approximately five minutes expired from the time Officer Lawrence first saw the men in the park until he had completed his purchase.

After leaving the park, Officer Lawrence drove away and reported to other officers who were monitoring his activities that he had completed a purchase from one of the individuals in the park. Officer Lawrence stated that the individual was wearing a blue and grey camouflage ensemble, including pants, a jacket and a cap, and also had a full beard and dreadlocks. He also reported that the other individual sitting on the bench was husky and was wearing a white football jersey with numbers on the back.

Officer Lawrence then drove to another section of Springfield and made a further purchase of illegal drugs from an individual he described to his monitoring officers as a light-skinned Hispanic male, approximately five feet, six inches to five feet, eight inches in height, having short black hair and a mustache, and wearing jean pants and a gold chain with a large gold

medallion cross on it. Officer Lawrence returned to the police station, turned in the drugs he had obtained, and prepared written reports with respect to both the purchases.

After Officer Lawrence arrived at the police station some thirty to forty minutes after the first purchase of drugs, another police officer showed him two booking procedure photographs, one of a Hispanic male and another of the defendant. Officer Lawrence could not identify the Hispanic male depicted in the first photograph as the individual who had sold him drugs in the other section of Springfield, but indicated that the individual depicted in the second photograph was the individual who had earlier sold him drugs in Hennessey Park. At the time that Officer Lawrence made this identification, there were approximately eight other police officers present in the room with him, but none of them said anything to him with respect to either of the photographs.

More than ten months later, on March 29, 2000, when Officer Lawrence was on his way to the suppression hearing in the Springfield courthouse, he observed the defendant step out of a courthouse elevator in the company of another black male. Officer Lawrence immediately stated to the prosecutor he was with that he recognized the person stepping out of the elevator as the person he had purchased the drugs from in Hennessey Park.

*Discussion.* In denying the defendant's motion to suppress both the photographic identification and also an in-court identification of the defendant by Officer Lawrence, the judge ruled that the defendant had failed to satisfy his burden of demonstrating by a fair preponderance of the evidence that the showing of the defendant's booking photograph to Officer Lawrence was so unnecessarily suggestive as to violate due process. See *Commonwealth* v. *Otsuki,* 411 Mass. 218, 232 (1991), quoting from *Commonwealth* v. *Venios,* 378 Mass. 24, 26-27 (1979). The judge further ruled that, in any event, the Commonwealth had shown by clear and convincing evidence that Officer Lawrence's proposed in-court identification of the defendant as the person who had sold him drugs in Hennessey Park had a source independent of the photographic identification, specifically his view of the individual during the drug sale,

and, hence, his in-court identification of the defendant as that person would not need to be suppressed even if the prior use of the defendant's photograph had been improper. See *Commonwealth* v. *Day*, 42 Mass. App. Ct. 242, 250 (1997).

We agree with the judge that the defendant failed to satisfy his burden of demonstrating that the showing of the defendant's booking photograph was so unnecessarily suggestive as to violate due process. It is well-settled that a one-on-one identification procedure of the type involved in this case, while generally disfavored, is not impermissibly suggestive so long as the police have good reason to use the procedure and they avoid any "special elements of unfairness, indicating a desire on the part of the police to 'stack the deck' against the defendant." *Commonwealth* v. *Leaster*, 395 Mass. 96, 103 (1985). See *Commonwealth* v. *Austin*, 421 Mass. 357, 361-362 (1995), and cases cited therein.

Here, Officer Lawrence had made his purchase in Hennessey Park less than one hour before he was shown the picture of the defendant, and had provided a detailed description of the seller to the officers who were monitoring his activities. While the police might have assembled an appropriate array for him to review, it would have taken them at least some additional time to do so, thereby giving rise to an increased danger that "other images [would] crowd in." *Commonwealth* v. *Barnett*, 371 Mass. 87, 92 (1976), cert. denied, 429 U.S. 1049 (1977).[1] In these circumstances, where the purchase had occurred only a short time earlier, the police plainly had good reason to show Officer Lawrence the single photograph of the defendant rather than take the additional time necessary to assemble a full array. See *Commonwealth* v. *Bumpus*, 354 Mass. 494, 501 (1968), cert. denied, 393 U.S. 1034 (1969); *Commonwealth* v. *Russell*, 19 Mass. App. Ct. 940, 942 (1985). Notably, exigent circumstances are not a prerequisite to this identification procedure. See *Commonwealth* v. *Austin*, 421 Mass. at 361-362.

Moreover, there was no evidence of any "special elements of unfairness," *Commonwealth* v. *Leaster, supra,* in the use of the

---

[1] Apart from the two transactions we have discussed, Officer Lawrence testified that he had participated in an additional two or three drug transactions earlier in the day.

defendant's photograph. To the contrary, as described above, while Officer Lawrence identified the defendant as the person from whom he had purchased cocaine at Hennessey Park, he did not identify the Hispanic person depicted in the other photograph as the person from whom he had purchased drugs shortly thereafter. These disparate results suggest that Officer Lawrence was not pressured or encouraged in any respect to identify the persons depicted in the two photographs as drug sellers.

We also conclude that the Commonwealth has satisfied its burden of showing that Officer Lawrence's in-court identification of the defendant had an independent source. Officer Lawrence was a trained narcotics investigator who was "obviously alert and using every opportunity he had to observe [the defendant] at the time of the [controlled substance] purchase." *Commonwealth* v. *Russell, supra.* There was also evidence that Officer Lawrence had a fair chance (lasting between three and five minutes) to look at the defendant on a clear spring evening before the sun had set and the street lights had been turned on. Moreover, more than ten months after Officer Lawrence was shown a copy of the defendant's photograph, he spontaneously identified the defendant when he saw him emerge with a companion from the elevator at the Springfield courthouse. This was more than sufficient to satisfy the Commonwealth's burden of showing by clear and convincing evidence that Officer Lawrence's identification of the defendant had an independent source. See *Commonwealth* v. *Wen Chao Ye,* 52 Mass. App. Ct. 850, 856 (2001).

*Judgments affirmed.*